THE NATIONAL LIME and STONE Co., APPELLEE, v. KOSYDAR, TAX COMMR., APPELLANT.

(No. 73-1009—Decided May 29, 1974.)

*Messrs. Marshall, Melhorn, Block & Belt* and *Mr. Lynn H. Gressley,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

*Per Curiam.* The question before this court is whether the order of the Board of Tax Appeals, removing the sales and use tax assessments levied on the specified equipment and machinery, is reasonable and lawful. For reasons explained below, we find it is, and affirm the assessment order.

R. C. 5739.01.(E)(2) excepts from the definition of "retail sale," and thus from the sales tax imposed by R. C. 5739.02,[1] sales in which it is the purpose of the consumer:

"* * * to use or consume the thing transferred directly in the production of tangible personal property for sale by * * *processing * * *."

It was concluded by the board that the items involved in this appeal were used directly in processing the raw stone, under the authority of *France Co.* v. *Evatt, supra.* The syllabus of that case states:

"Sales of tangible personal property used and consumed in operations consisting of transporting crushed-stone products from a stone crushing and screening plant to yards adjacent thereto, and of draining, cleaning, blending and reassembling such products to comply with the required specifications of the purchasing trade before they are available and ready for market and sale, are sales of personal property used and consumed directly in the production and processing of tangible personal property for sale* * *."

Appellant contends that *France* no longer states the applicable law. He asserts that R. C. 5739.01(S)[2] and the

---

[1]We need only discuss the sales tax aspects of the case, since R. C. 5741.02(C)(2) excepts from the use tax such property:

"* * * the acquisition of which, if made in Ohio, would be a sale not subject to the * * * [sales] tax * * *."

[2]R. C. 5739.01(S) states that:

" 'Manufacturing' or 'processing' means the transformation or conversion of material or things into a different state or form from that in whch they originally existed and, for the purpose of the exceptions contained in division (E)(2) of this section, includes the adjuncts used during and in, and necessary to carry on and continue, production to complete a product at the same location after such transforming or converting has commenced."

most recent statement of this court concerning the meaning of "processing" in *Gressel* v. *Kosydar* (1973), 34 Ohio St. 206, require us to find that any processing in the instant situation took place prior to the operations in which the items in question were involved, and thus that appellee is not entitled to the exception from taxation which it seeks.

The issue before us is not, as appellant asserts in his brief, whether "there is a change in 'state or form' of the taxpayer's product with the operations at the 'storage piles'": rather, it is whether the board's characterization of those operations is supported by the record and by the applicable law.

*France, supra,* upon which the board based its order, dealt with a factual situation nearly identical to that in the instant case. In *France,* it was held that the equipment was *in fact* used directly in processing the stone for ultimate sale. That holding is not repudiated by *Gressel,* which added to the earlier understanding of "processing" the caveat that operations which merely enhance the value or marketablity of materials, without producing a change in state or form, do not constitute "processing" under R. C. 5739.01(E)(2).

The record developed before the board contains substantial evidence to show that appellee's equipment was as directly involved in transforming the stone into a "state or form" different from that in which it originally existed as was the equipment in *France, supra,* and that the appellee's operations involved constituted "processing" as contemplated by R. C. 5739.01(S). The order of the board was therefore reasonable and lawful, and is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.
W. BROWN, J., dissents.