36

GENERAL MOTORS CORP., CENTRAL FOUNDRY DIVISION,
APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 74-256—Decided January 29, 1975.)

*Messrs. George, Greek, King, McMahon & McConnaughey, Mr. Darold I. Greek, Mr. Kiehner Johnson, Mr. Ross L. Malone* and *Mr. Lawrence R. Sessoms*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. John C. Duffy, Jr.*, for appellee.

*Per Curiam.* Appellant characterizes the single issue before this court as "the exception of the Disamatic machine from the levy of sales and use taxes by virtue of Sections 5739.01(E)(2) and 5741.02(C)(2)."

Appellant's argument is that the Disamatic machine functions as an integral part of the complete castings manufacturing process; *i. e.*, it is a part of a single integrated system and that, as such, it is used directly in manufacturing and, therefore, excepted from sales and use taxes by virtue of R. C. 5739.01(E)(2) and 5741.02(C)(2).*

---

*R. C. 5739.01.

"As used in Sections 5739.01 to 5739.31 of the Revised Code:
"* * *

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:
"* * *

"(2) To incorporate the thing transferred as a material or a part, into tangible personal property to be produced for sale by manufacturing, or to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing * * *.
"* * *

"(S) 'Manufacturing' or 'processing' means the transformation or conversion of material or things into a different state or form from that in which they originally existed and, for the purpose of the exceptions contained in division (E)(2) of this section, includes the adjuncts used during and in, and necessary to carry on and continue, production to complete a product at the same location after such transforming or converting has commenced."

R. C. 5741.02 levies an excise tax on "the storage, use, or other consumption in this state of tangible personal property, as follows:
"* * *

38

The machine involved in this case is similar to that involved in *Canton Malleable Iron Co. v. Porterfield* (1972), 30 Ohio St. 2d 163. In that case, the Board of Tax Appeals said that replacement parts used in "continuous process casting equipment" were excepted from the excise tax levied on retail sales. This court reversed, holding, at page 177, that "the mold making system" there involved and "used after the 'transforming or conversion' has commenced, is not, either by component part or by the whole, adjunct to direct use or consumption in production. The machines which actually make the mold and carry it to the pouring area cannot be considered supplemental, or auxiliary, or subsidiary *to the molds themselves*, and the lack of this particular and necessary nexus is fatal to the exception urged."

In the case before us, as in *Canton Malleable*, the machine which is the subject of taxes levied against appellant is utilized in an activity occurring before the manufacturing process of the castings actually begins. This court stated in *Ohio-Ferro-Alloys Corp. v. Kosydar* (1973), 34 Ohio St. 2d 113, 115, that "anything that is used before * * * such process [manufacturing] is not within the exception of R. C. 5739.01(E)(2)." Here, the Tax Commissioner determined that the Disamatic machine used in preparing the molds was used prior to the manufacturing process.

Appellant argues that "the order of the Board of Tax Appeals suffers, however, from an obvious lack of analysis of the uncontroverted evidence." However, as this court pointed out in *National Lime & Stone Co. v. Kosydar* (1974), 38 Ohio St. 2d 206, the issue before us is "whether the board's characterization of those operations [the subject of the tax assessed] is supported by the record and by the applicable law."

On authority of *Canton Malleable v. Porterfield, supra,*

"(C) The tax does not apply to the * * * use, or consumption in this state * * * of tangible personal property purchased under the following described circumstances:
"* * *
"(2) Tangible personal property, the acquisition of which, if made in Ohio, would be a sale not subject to the tax imposed by Sections 5739.01 to 5739.31, inclusive, of the Revised Code."

we find the decision of the Board of Tax Appeals reasonable and lawful, and it is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.